LI & TSUKAZAKI,
Attorneys at Law, LLC

PHILLIP A. LI                                4262-0
(pal01@hawaii.rr.com)
Pacific Guardian Center,
Makai Tower, Suite 1770
733 Bishop Street
Honolulu, Hawaii 96813-4187
Telephone: (808) 524-4888
Facsimile: (808) 524-4887

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 31 2007

at 12 o'clock and 20 min. P M
SUE BEITIA, CLERK

Attorneys for Plaintiff
DISNEY ENTERPRISES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DISNEY ENTERPRISES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE NIBLETT,<br><br>Defendant | CIVIL NO. CV06-00290-DAE-BMK (Trademark/Service Mark Infringement)<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT |
|---|---|

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT**

Before the Court is Plaintiff Disney Enterprises, Inc.'s ("Plaintiff") Motion

for Entry of Default Judgment by the Court ("Motion"), filed December 18, 2006.

Defendant Eugene Niblett ("Defendant") did not respond to the Motion or otherwise appear in this case. This matter came on for hearing on January 19, 2007, with Phillip Li, Esq., appearing on behalf of Plaintiff. After careful consideration of the Motion, supporting documents, and the relevant legal authority, this court HEREBY FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED for the reasons set forth below.

## FINDINGS OF FACT

1. Plaintiff is a Delaware corporation having its principle places of business in California.

2. Plaintiff is engaged in the business of motion picture production, acquisition, and distribution.

3. On May 23, 2006, Plaintiff filed its Complaint ( the "Complaint") against Defendant alleging that: 1) it owns the exclusive rights to "certain copyrighted motion pictures, including, but not limited to "Peter Pan"and "The Incredibles"; 2) the motion pictures each have registered copyrights; 3) Defendant infringed upon Plaintiff' rights by distributing copies of the motion pictures over the Internet via a peer-to-peer network without Plaintiff' authorization; and 4) Defendant's infringement was willful because he either knew, or had reason to know, that his actions infringed upon Plaintiff' copyrights. (Complaint at 10-11)

4. Plaintiff sought the following relief in its Prayer for Relief: 1) preliminary and permanent injunctions against Defendant enjoining Defendant from directly or indirectly infringing upon Plaintiff's copyrighted motion pictures and requiring him to destroy all copies of Plaintiff's motion pictures that he downloaded and/or copied onto any physical medium or devise in her possession, custody, or control; 2) actual or statutory damages pursuant to 17 U.S.C. § 504; 3) attorneys' fees and costs; and 4) any other relief the Court deems proper.

5. Plaintiff served Defendant with a copy of the summons and the Complaint on June 14, 2006.

6. After Defendant failed to respond to the Complaint within the requisite twenty—day time period, Plaintiff sent a letter to Defendant on September 15, 2006 advising him that he was subject to a default judgment if he continued to fail to respond.

7. Plaintiff received no response to either the Complaint or letter, and subsequently filed a request for entry of default on September 20, 2006.

8. The Clerk of the Court entered default against Defendant on the same day.

9. Plaintiff filed its Motion for Default Judgment on December 18, 2006, which Motion was set for hearing on January 19, 2007.

10.   Plaintiff Motion sought (1) a permanent injunction enjoining Defendant from further infringing Plaintiff' copyrights.

11.   Plaintiff also requested $6,000.00 in statutory damages pursuant to 17 U.S.C. § 504(c), representing $3,000.00 for each for two separate violations. ([Mem. in Supp. of Motion at 4).

12.   In addition to the two motion pictures specifically identified in the Complaint, Plaintiff allege in the Motion that Defendant was offering other motion pictures including but not limited to *The Negotiator* and *Vanilla Sky* for public distribution through the peer to peer network.  (Decl. of Thomas Carpenter in Supp. of Motion at ¶ 6.]

13.   MediaSentry, a unit that Plaintiff hired to monitor and identify copyright infringement of certain motion pictures on peer-to-peer networks, was not able to download a all of Defendant's offering of the motion pictures that are subject to Plaintiff's copyrights because of the size of the file. (Declaration of Thomas Carpenter at ¶¶ 6—7.)

14.   Plaintiff requested leave to file separately a Motion for attorneys' fees and costs that they have incurred in the instant action.

## **CONCLUSIONS OF LAW**

1. Plaintiff has applied to this Court for default judgment in accordance with Fed. R. Civ. P. 55(b) (2).

2. "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917—18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).

3. A plaintiff who obtains an entry of default is not, however, entitled to default judgment as a matter of right. See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004).

4. In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros. 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471—72 (9th Cir. 1986)).

5. In the instant case, the factors that the Court must consider in deciding whether to grant default judgment fall largely in favor of Plaintiff:

> (1) Defendant's failure to answer or otherwise appear in this action prejudices Plaintiff's ability to achieve any decision in this action;
>
> (2) Plaintiff has demonstrated that Defendant illegally offered copies of Plaintiff's motion pictures for public distribution on a peer—to-peer network;
>
> (3) Plaintiff's complaint sufficiently sets forth the elements to support the claim for copyright infringement; and
>
> (4) Plaintiff alleges that, by offering Plaintiff's motion pictures for public distribution to "tens of thousands or even millions of others, Defendant has potentially deprived Plaintiff of significant sales and profits . . . ."

6. Thus, although Plaintiff has requested a relatively small amount of statutory damages, the amount of money ultimately at issue because of Defendant's illegal distribution is considerable. (Mem. in Supp. of Motion at 9.)

7. On balance, the record favors granting default judgment in favor of Plaintiff.

8. The Court, FINDS that Plaintiff should be awarded $6,000.00 in statutory damages pursuant to 17 U.S.C. § 504(c), representing $3,000.00 for each of the two motion pictures "The Incredibles" and "Peter Pan"

9.  The Court Concludes that Defendant should be permanently enjoined from directly or indirectly infringing Plaintiff's rights in "Peter Pan", "The Incredibles", "Vanilla Sky" and "he Negotiator" and any other motion picture, whether now in existence or later created, that are owned or controlled by Plaintiff ("Plaintiff' Motion Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce or copy any of Plaintiff's Motion Pictures, to distribute any of Plaintiff's Motion Pictures, or to make any of Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.

10. Defendant shall be ordered to destroy all copies of Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization, and destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in Defendant's possession, custody, or control.

On the basis of the foregoing, this court FINDS AND RECOMMENDS that Plaintiff's Motion for Entry of Judgment by the Court, filed December 18, 2006, be GRANTED. This Court recommends that the district court:

1) AWARD statutory damages to Plaintiff in the amount of $6,000.00;

2) ISSUE a permanent injunction against Defendant enjoining him from directly or indirectly infringing upon Plaintiff's Motion Pictures; and

3) ORDER Defendant to destroy all copies in his possession, custody, or control of Plaintiff's Motion Pictures that Defendant has downloaded without Plaintiff's authorization.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, 5.30.2007.

Barry M. Kurren
United States Magistrate Judge

---

DISNEY ENTERPRISES, INC., v. EUGENE NIBLETT; Civil No. CV06-00290-DAE-BMK; FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT